## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| POLO BUILDERS, INC., et al. ) | No. 04 B 23758 (jointly administered) |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| DAVID BROWN, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 04 A 4032 |
| ) | |
| REAL ESTATE RESOURCE ) | |
| MANAGEMENT, LLC, and BHARAT ) | |
| KHOTARI, ) | |
| ) | |
| Defendants. ) | Judge Goldgar |

### MEMORANDUM OPINION AND ORDER

Before the court for ruling is the motion of defendants Real Estate Resource Management, LLC ("RERM") and Bharat Khotari for judgment on the pleadings on Counts I and II of the complaint of David Brown. For the reasons that follow, the motion is denied.

Brown is the trustee in the chapter 7 bankruptcy of Polo Builders, Inc., a failed real estate developer, and related entities. Brown's complaint in this adversary proceeding alleges that as trustee he held an interest in certain property known as "Polo Towers" located on Chicago's north side. In October 2004, with permission of the bankruptcy court, Brown and RERM entered into a contract for the sale of the Polo Towers property. Khotari signed the contract on RERM's

behalf. Under the contract, RERM agreed to pay $16.6 million for the property, tendering $833,000 as a deposit. To make a long story short, RERM never made the deposit and the sale was never consummated, although Brown says he was ready, willing, and able to consummate it. Count I of Brown's complaint alleges a claim for breach of contract against RERM. Count II asserts that Khotari is RERM's alter ego and should be held liable for any judgment against RERM.

A defendant's motion for judgment on the pleadings under Rule 12(c) is the equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *See Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004). The court accepts as true all the facts alleged in the complaint, construing the facts in the light most favorable to the plaintiff. *Id.* "'A court will grant a Rule 12(c) motion only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved.'" *Id.* (quoting *Brunt v. Service Employees Int'l Union*, 284 F.3d 715, 718-19 (7th Cir. 2002)).

The complaint here rather obviously survives this test. Count I states a claim for breach of contract against RERM. A breach of contract claim in Illinois has four elements: (1) the existence of a valid and enforceable contract, (2) the plaintiff's performance, (3) the defendant's breach, and (4) the plaintiff's resulting injury. *Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc.*, 218 F. Supp. 2d 974, 976 (N.D. Ill. 2002). Count I alleges each of these elements – although under federal pleading standards it did not have to, *Walker v. Thompson*,

288 F.3d 1005, 1007 (7th Cir. 2002) (noting that "there is no requirement in federal suits of pleading . . . the elements of a claim").

Count II, meanwhile, states a claim against Khotari. Count II incorporates the breach of contract claim and asserts that RERM's corporate identity should be disregarded and Khotari held liable for the breach as RERM's alter ego. No more was required. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000) (noting that in federal court, a plaintiff "can plead conclusions") (internal quotation omitted); *see, e.g., Ishkhanian v. Forrester Clinic S.C.*, No. 02 C 9339, 2003 WL 21479072, at *3 (N.D. Ill. June 25, 2003) (denying motion to dismiss and noting that to satisfy Rule 8 notice-pleading standards complaint need not allege facts substantially showing that corporate veil should be pierced).

Because both counts of the complaint state claims upon which relief can be granted, judgment on the pleadings for the defendants is not a possibility on either count. *Guise*, 377 F.3d at 798. If the defendants' motion were the kind of motion Rule 12(c) contemplates, the motion would have to be denied for these reasons.

But the motion here is not that kind of motion. The defendants do not dispute that Counts I and II state claims, and their motion is not actually directed at Counts I and II themselves. The motion instead is narrow, limited to an attack on the liquidated damages clause in the parties' contract. Although the liquidated damages clause is nowhere mentioned in the complaint itself, the defendants say Brown announced at a January status hearing that he intended to rely on the clause as providing the measure of damages. Through their motion for judgment on the pleadings, the defendants ask the court to head off that possibility by finding

-4-

the liquidated damages clause unenforceable.

Given its aim, the motion must be denied, not on the merits but on procedural grounds. Precluding one form of relief sought in an otherwise legally sufficient complaint, as the defendants seek to do here, is not a permissible use of Rule 12(c). Rule 12(c) contemplates a summary disposition "on the merits" of a complaint, a disposition based solely on the pleadings. *See* 5C C. Wright & A. Miller, *Fed. Prac & Procedure* § 1367 at 207 (2004). The motion may be directed at the entire complaint, or, in what is now a generally accepted practice, may be directed at particular counts of the complaint through a motion for "partial judgment on the pleadings." *Id.*, § 1369 at 264.

Rule 12(c) does not, however, permit a motion for judgment on the pleadings on particular issues within a single count or on bits and pieces of individual claims. *In re Amica*, 130 B.R. 792, 796 (Bankr. N.D. Ill. 1991). The reason is straightforward: Rule 12(c) contemplates entry of a "judgment" if the motion is successful, and Rule 54(a) defines a "judgment" as an order that can be appealed. Fed. R. Civ. P. 54(a). An order disposing of fewer than all claims in a case is appealable, at least theoretically. *See* Fed. R. Civ. P. 54(b). An order disposing of fewer than all issues in a claim, on the other hand, is not. *See generally Capitol Records, Inc. v. Progress Record Distrib., Inc.*, 106 F.R.D. 25, 28-29 (N.D. Ill. 1985) (explaining the distinction).

Employing this analysis, the court of appeals for this circuit and the district court have held that a motion for summary judgment under Rule 56 cannot be

-5-

granted on part of a single claim or on less than all of a particular count. *Commonwealth Ins. Co. v. O. Henry Tent & Awning Co.,* 266 F.2d 200, 201 (7th Cir. 1959); *Ambre v. Joe Madden Ford,* 881 F. Supp. 1187, 1193 (N.D. Ill. 1995); *Quintana v. Byrd,* 669 F. Supp. 849, 850 (N.D. Ill. 1987); *Capitol Records,* 106 F.R.D. at 28; *see also Bank One, N.A. v. Knopfler (In re Holstein),* Nos. 00 B 18138, 03 A 638, 2004 WL 26516, at *3-4 (Bankr. N.D. Ill. Jan. 5, 2004). There is no reason to treat a motion for judgment on the pleadings under Rule 12(c) differently. *See Amica,* 130 B.R. at 796 (holding that "[p]artial judgment on the pleadings is not possible . . . unless it disposes entirely of one or more counts of the complaint").

For these reasons, the defendants' motion for judgment on the pleadings is denied. The court expresses no view on the validity of the liquidated damages clause in the parties' contract.

Dated: April 18, 2005

ENTER: _____
A. Benjamin Goldgar
United States Bankruptcy Judge

-6-