UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| POLO BUILDERS, | ) | No. 04 B 23758 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAVID R. BROWN, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 A 4032 |
| | ) | |
| REAL ESTATE RESOURCE MANAGEMENT, LLC; BHARAT KOTHARI; and VASILE SAVA, | ) ) ) ) | |
| Defendants. | ) | Judge Goldgar |

## MODIFIED MEMORANDUM OPINION

Real Estate Resource Management, LLC ("RERM") entered into an agreement with David R. Brown, trustee in this chapter 7 bankruptcy, to purchase Polo Tower, an apartment building in Chicago, Illinois. The purchase agreement required RERM to pay a deposit on the purchase. RERM failed to pay the deposit. After promises from RERM that the money was on its way turned out to be false, Brown gave up. Brown claims he sold Polo Tower to someone else on different terms.

Brown then commenced this adversary proceeding against RERM and its members, Bharat Kothari and Vasile Sava. Count I of Brown's complaint is a breach of contract claim against RERM. Count II alleges that RERM was Kothari's alter ego and seeks to hold him liable

for RERM's breach.[1] Count III alleges a similar alter ego claim against Sava. Count IV is a fraud claim against RERM and Kothari.

Brown now moves for partial summary judgment on Counts I through III, the breach of contract and alter ego claims.[2] In support of his motion, Brown duly filed the statement of material facts required under Local Rule 7056-1. RERM, Kothari, and Sava did not respond to the motion. For the reasons discussed below, the motion for summary judgment will be denied.

### 1. Jurisdiction

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a). Adjudication of a state law claim arising out of a contract that a trustee entered into post-petition with court approval is a core proceeding under 28 U.S.C. § 157(b)(2)(A). *See Umbreit v. Stump, Harvey & Cook, Inc. (In re Baltimore Motor Coach Co.)*, 103 B.R. 103, 105-06 (D. Md. 1989) (holding that chapter 7 trustee's claim for post-petition breach of contract was core); *Meininger v. Swasey (In re Sarasota Casual, Inc.)*, 90 B.R. 496, 498 (Bankr. M.D. Fla. 1988) (same).

---

[1] Counts II and III, the alter ego claims, are not actually claims for relief and did not have to be pled as counts. An alter ego theory is a form of remedy, not a theory of liability. *Conseco, Inc. v. Schwartz (In re Conseco, Inc.)*, 330 B.R. 673, 685 (Bankr. N.D. Ill. 2005).

[2] On May 24, 2006, the court entered an order denying Brown's motion for summary judgment and issued an accompanying opinion. The May 24 opinion not only explained why summary judgment had to be denied, it *sua sponte* held unenforceable the liquidated damages clause in the purchase agreement -- the clause on which Brown was basing his request for damages. *See Heller Fin., Inc. v. Burry*, 633 F. Supp. 706, 707 (N.D. Ill. 1986) (noting that a court may reach the validity of a liquidated damages clause *sua sponte*). Brown then moved for reconsideration of that part of the decision, taking issue with the court's reasons for invalidating the clause and objecting to the decision's *sua sponte* nature. On June 21, 2006, the court concluded that the question should not have been addressed and granted Brown's motion. This modified opinion replaces the May 24 opinion and removes the discussion of the liquidated damages clause.

## 2. Facts

The following facts are undisputed.[3/] Hasan Merchant is an Illinois real estate developer who did business through several entities, including Polo Builders, Inc. and MG International, LLC. Merchant and his wife, Sherri, also owned M&MM Enterprises, LLC, another entity that developed real estate. One of the entities (it is unclear which one, but it makes no difference) owned an apartment building, Polo Tower, located at 4180 North Marine Drive in Chicago.

On June 23, 2004, Hasan, Sherri, Polo Builders, and M&MM filed for relief under chapter 11 of the Bankruptcy Code. MG (collectively with the other debtors, "Polo Builders") followed suit on June 29, 2004. All of the cases were converted to cases under chapter 7 on August 16, 2004, and David Brown was appointed trustee. On September 16, 2004, Brown sought and received permission of the bankruptcy court to sell the estate's interest in Polo Tower. Under the order, the sale was to take place via auction.

Real Estate Resource Management, a limited liability company, was created in July 2004 to be a broker for the sale of condominium units. Two Illinois businessmen, Bharat Kothari and Vasile Sava were RERM's members.

On October 16, 2004, RERM entered into an agreement with Brown to purchase Polo Tower for $16,600,000. The purchase agreement required RERM to pay $833,000 as earnest money, but this sum was not due until fifteen days after Brown notified RERM that it was the winner of the auction. The purchase agreement also contained a liquidated damages clause. The clause provided that "if Purchaser fails to perform in accordance with the terms of this Agreement, at Seller's option, Seller may elect to terminate the Agreement, and receive the

---

[3/]  Because RERM, Kothari, and Sava failed to respond to Brown's statement of facts, all of the facts in Brown's statement are deemed admitted. See L.R. 7056-2(B); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

-3-

Earnest Money as liquidated damages as its sole and exclusive remedy."

On October 16, 2004, the same day the parties executed the purchase agreement, Brown notified RERM that it had won the auction. Thereafter, Brown performed all of his obligations under the purchase agreement and was ready, willing, and able to close the deal. On behalf of RERM, Kothari tendered a deposit check to Brown for the earnest money. But he told Brown not to deposit the check because there were insufficient funds in the account to cover it. Instead, Kothari promised that he would wire Brown the money. Kothari failed to make good on his promise. Despite further promises of this kind, RERM never paid Brown the earnest money.

The record on summary judgment says nothing about what happened after the deal fell through: whether Brown was able to sell the building to someone else, and what the terms of any such sale might have been. In an affidavit, however, Ron Douglass, Brown's agent for the sale, asserts that Brown's incurred at least several hundred thousands of dollars actual damages as a result of the failed deal. Brown now asks the court to enter summary judgment in his favor and award him $833,000 in damages under the liquidated damages clause in the purchase agreement.

### 3. Discussion

On this record, Brown's motion for summary judgment must be denied. Undisputed though they are, the facts fail to establish liability for breach of contract.

#### a. Summary Judgment

The summary judgment standard under Rule 56 is familiar: summary judgment may be entered when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable by Fed. R. Bankr. R. 7056); *Velez v. City of Chicago*, 442 F.3d 1043, 1047 (7th Cir. 2006). On a motion for summary judgment, then, "the

court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation omitted).

Brown's motion for partial summary judgment here is unopposed because RERM failed to respond. "However, a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant." *Raymond*, 442 F.3d at 608. "The ultimate burden of persuasion remains with [Brown] to show that [he] is entitled to judgment as a matter of law." *Raymond*, 442 F.3d at 608; *see also Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996). Brown must still make out a prima facie case for each element of his breach of contract claim. *See Celotex v. Catrett*, 477 U.S. 317, 330 (1986). If he fails to do so, summary judgment, though unopposed, must be denied.

### b. Breach of Contract

Brown has not made out a prima facie case on his breach of contract claim. Although the evidence certainly shows that RERM breached the agreement to purchase Polo Tower, no evidence shows that Brown was injured as a result.

Under Illinois law, "[t]o recover for the breach of a contract, a party must establish the following elements: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Zirp-Burnham, LLC v. E. Terrell Assocs., Inc.*, 356 Ill. App. 3d 590, 600, 826 N.E. 2d 430, 439 (1st Dist. 2005) (internal quotations omitted); *see also Burrell v. City of Mattoon*, 378 F.3d 642, 651 (7th Cir. 2004) (Illinois law). Injury is an essential element. If a plaintiff fails to prove an injury, he cannot prevail on his breach of contract claim. *Krislov v. Aetna Plywood, Inc.*, No. 99

C 5531, 1999 WL 1251530, at *4 (N.D. Ill. Dec. 20, 1999).

Brown has certainly adduced evidence establishing three of these elements. The purchase agreement appears to be valid and enforceable, and RERM has never claimed otherwise. Nor is there any dispute that Brown performed his obligations under the purchase agreement: he was ready, willing, and able to close the transaction. And RERM undeniably breached the agreement when it failed to tender the earnest money and was unable to close.

Brown's request for summary judgment fails, however, on the last element. Brown offers no admissible evidence that he was injured as a result of the breach. No evidence explains what happened after the transaction fell through – whether Brown sold Polo Tower to someone else, for example, and if he did whether he ended up financially worse off. For all the record shows, Brown ultimately sold Polo Tower on *better* terms than RERM offered. All Brown supplies in the way of evidence is the Douglass affidavit, in which Douglass estimates "damages" from the breach to be at least several hundreds of thousands of dollars. But there is a difference between damages and injury, and although Douglass asserts Brown has damages, he never says what injury produced them. No reasonable fact-finder could infer an injury from his assertions.[4]

Because Brown has produced no evidence of injury, he has not made out a prima facie case on his breach of contract claim in Count I. His motion for summary judgment on that count

---

[4] The parties' pleadings do not solve the problem. Brown's amended complaint alleges only that there was a substitute buyer and that the sale terms with the substitute buyer "differed materially" from the terms of the RERM deal, not that they were materially *worse*. (Compl. at ¶ 36). In any case, RERM answered that it lacked sufficient knowledge to form a belief as to the truth of the falsity of this allegation, effectively denying the allegation and putting Brown to his proof. *See* Fed. R. Civ. P. 8(b) (made applicable by Fed. R. Bankr. P. 7008(a)). In his summary judgment memorandum, Brown does assert that he was "forced to find a substitute purchaser for Polo Tower whose purchase price after adjustments appears to be substantially less than the purchase price under the contract with RERM." (Brown Mem. at 5 n.1). But statements in memoranda are not evidence. *Glass v. Rodriguez*, 417 F. Supp. 2d 943, 944 (N.D. Ill. 2006).

must be denied. And since Brown is not entitled to summary judgment on Count I, there is no reason to address the alter ego claims in Counts II and III. Summary judgment must be denied on those claims as well.

### 4. Conclusion

The motion of plaintiff David R. Brown for partial summary judgment on Counts I through III of his complaint is denied. A separate order will be entered in accordance with this opinion.

Dated: June 21, 2006

_____
A. Benjamin Goldgar
United States Bankruptcy Judge